IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ben Robert Stewart, III,<br><br>          Plaintiff,<br><br>v.<br><br> Special Agent in Charge of South Carolina Steven J. Gensen; Special Agent in Charge of Pennsylvania, Unknown Name, of James Blakney; Special Agent in Charge of Pennsylvania, Unknown Name; James Blakney; Monday Bishop; James Bishop; Tasherah Stewart; Ieasha Edward; Naima Jones; Lakia Wakefield; Myra Bishop; Tara Bishop; Jamie Blakney; Kayla Standford; Angie Naima Jones mother-Husband: Hugo Jackson; Donta Edwards; Jamaya Bishop; Diakee Bishop, Ronequa Mason; Mildren Charles; Darlene Lee; Kristin McCook; Naeasha Jones; Haneef Childs; Lateef Wahid; and "Mona"-Jamie Blakney Mother-James Blakney Gov Informant daughter mother,[1]<br><br>          Defendants. | C/A No. 1:25-cv-13126-JFA<br><br><br>**ORDER** |

## I.    INTRODUCTION

Ben Robert Stewart, III ("Plaintiff"), proceeding pro se, filed this civil action against the numerous named Defendants.

---

[1]  Plaintiff names additional defendants in the attachments to the amended complaint that he fails to list in caption, including Charlena Biship-Harris and Iyo Bishop.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. After performing an initial review of the complaint, the Magistrate Judge assigned to this action notified Plaintiff of several deficiencies and gave him an opportunity to bring his claim into proper form. (ECF Nos. 5 & 6). Plaintiff attempted to cure these deficiencies by filing an amended complaint and attachments. (ECF Nos. 29, 29-1). Thereafter, the Magistrate Judge conducted a review of the amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A and prepared a thorough Report and Recommendation ("Report"). (ECF No. 31). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections on March 20, 2026. (ECF No. 51). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P.

---

[2] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

2

72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.*

3

(citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 31). Plaintiff is a state prisoner who was incarcerated at the time of filing. Briefly, Plaintiff's complaint makes numerous allegations referencing events that occurred at Lee Correctional Institution ("LCI") and Tyger River Correctional Institution ("TRCI") between 2022 and 2025 that involved "unlawful detention, Denial of 1st Amend Right to Redress of Grievance and Right to Practice Religion." (ECF No. 1) (written as appears in original). This complaint also contained 31 pages of attachments which included an affidavit Plaintiff submitted to the state court requesting a reduction in his sentence because he notified the warden at TRCI that people were trying to kill him, some Defendants had hacked a correctional officer's house, implanted "RFID chips" in Plaintiff to determine how much he knew about his mother's and her husband's murder, and were hacking South Carolina Department of Corrections ("SCDC") inmates and employees with "RFID chips" to control their sexual behavior and have them transmit HIV or AIDS. (ECF No. 1-2, at 8–11).

Plaintiff's amended complaint indicates that he is suing state or local officials pursuant to 42 U.S.C. § 1983 and federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). (ECF No. 29). Plaintiff alleges that James Blakney ("Blakney"), whom Plaintiff alleges is an informant for the

4

Federal Bureau of Investigation ("FBI"), broke into LCI by providing contraband that included an eavesdropping device to inmate Hugo Jackson. *Id.* Further, he alleges that Hugo Jackson placed the eavesdropping device in a pizza that his former cellmate Haneef Childs gave him to eat, causing him to ingest the eavesdropping device. *Id.* He alleges that he started to hear people talking to him through the eavesdropping device soon after he ingested it. *Id.* Plaintiff claims that between December 2024 and December 2025, multiple defendants and others attempted to have sex with him using the devices. *Id.* The Report sufficiently summarizes all claims alleged in the Complaint and Amended Complaint and these summaries are incorporated here by reference. (ECF No. 31).

The Report recommends that Plaintiff's amended complaint be dismissed as frivolous. *Id.* at 11. Alternatively, the Report also recommends Plaintiff's *Bivens* action be dismissed for failure to state a claim on which relief may be granted. *Id.* at 12. The Report accurately states that Section 1915 allows the court to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "Examples of [this] class are claims describing fantastic or delusional scenarios . . ..." *Id.* at 328. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that allegations might be strange, but true;

for truth is always strange, Stranger than fiction." *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) (citation omitted).

In Response to the Report, Plaintiff filed twenty-eight pages of objections. (ECF No. 51). Additionally, Plaintiff has filed a litany of motions seeking relief after the filing of the Report. (ECF Nos. 34, 35, 36, 37, 48, 52, 53, 54, 56, 59, 63, 66 & 67). Plaintiff's objections: take issue with the Report declining to identify James Blakney as a government informant in his official capacity, (ECF No. 51, pp. 6, 15–17), discuss adding additional witnesses and affidavits, *id.* at 7, 22, argue that his sworn affidavit requires the Court to accept his allegations as true, *id.* at 10–14, take issue with the characterization of Plaintiff's claims, *id.* at 20–21, and object to the Report's ultimate recommendation that this matter be dismissed with prejudice because the claims are frivolous, *id.* at 23–27.

The Undersigned finds that although Plaintiff alleges that Defendants have violated his constitutional rights among other federal and state laws, the factual allegations raised are the exact kind Section 1915 is intended to screen out. Plaintiff's claims are more than unlikely, they rise to the level of irrational, or wholly incredible. Plaintiff alleges that Defendants conspired to kill his mother, her husband, and his aunt. Further, he alleges he has ingested a device that is allowing Defendants to speak to him, eavesdrop on him, control his bodily functions, and sexually assault him. These allegations, among the others asserted in his pleadings, are "clearly baseless," "fanciful," "fantastic," and "delusional." Accordingly, the Court determines Plaintiff's amended complaint is subject to summary dismissal, and his Motion for Injunctive Relief and Dismissal, (ECF No. 21), is denied consistent with the above discussion.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 31). For the reasons discussed above and, in the Report, this action is summarily dismissed without issuance and service of process. Accordingly, Plaintiff's Motion for Injunctive Relief and Dismissal, (ECF No. 21), is denied, and all pending motions are terminated as moot consistent with this opinion. (ECF Nos. 34, 35, 36, 37, 48, 52, 53, 54, 56, 59, 63, 66 & 67). Because Plaintiff was afforded an opportunity to amend his complaint and fails to present nonfrivolous allegations or state a claim on which relief may be granted, this matter is dismissed with prejudice.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

June 23, 2026                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge